HEALY & BAILLIE, LLP
Attorneys for Defendants
61 Broadway, 32nd Floor
New York, NY 10006-2834
(212) 943-3980
Richard V. Singleton (RS-9489)
Alan M. Weigel (AW-0800)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
MICHAEL STEPSKI, KIRSTEN STEPSKI, Wife, :
GEAL RODERICK AND BENJAMIN SCHOBER, :

                      Plaintiffs,

    -against-

The M/V NORASIA ALYA, her owners,
operators, etc., and MS "ALENA"
SCHIFFAHRTSGESELLSCHAFT mbH & CO. KG
PETER DOEHLE SCHIFFAHARTS-KG,

                      Defendants.
-------------------------------------------------------------------X

ECF CASE

06 CV 01694 (CM)

**ANSWER
TO SECOND
SUPPLEMENTAL
COMPLAINT**

       Defendants MS "ALENA" SCHIFFAHRTSGESELLSCHAFT mbH & CO. KG ("Alena"), and PETER DOEHLE SCHIFFAHARTS-KG ("Doehle"), by their attorneys Healy & Baillie, LLP, for their Answer to Plaintiffs' Second Supplemental Amended Complaint dated June 1, 2006 (the "Complaint"):

       1.    Admit that this is an action brought by plaintiffs Michael Stepski, Geal Roderick and Benjamin Schober and plaintiff Kirsten Stepski, and that the NORASIA ALYA is an 800-foot container vessel, but except as admitted deny the allegations contained in Paragraph 1 of the Complaint.

       2.    Deny knowledge or information sufficient to form a belief as to the

truth of the allegations contained in Paragraph 2 of the Complaint.

    3. Admit the allegations contained in Paragraph 3 of the Complaint.

    4. Deny the allegations contained in Paragraph 4 of the Complaint.

    5. Deny the allegations contained in Paragraph 5 of the Complaint.

    6. Deny the allegations contained in Paragraphs 6 of the Complaint.

    7. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of the Complaint.

    8. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of the Complaint.

    9. Admit this is a claim under the Court's admiralty and maritime jurisdiction as alleged in Paragraph 9 of the Complaint.

    10. Admit the allegations contained in Paragraph 10 of the Complaint.

    11. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of the Complaint.

    12. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 of the Complaint.

    13. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 of the Complaint.

    14. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of the Complaint.

    15. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 of the Complaint.

16. Deny the allegations contained in Paragraph 16 of the Complaint.

17. Deny the allegations contained in Paragraph 17 of the Complaint.

18. Deny the allegations contained in Paragraph 18 of the Complaint.

19. Deny the allegations contained in Paragraph 19 of the Complaint.

## FIRST CAUSE OF ACTION ON BEHALF OF THE PLAINTIFF MICHAEL STEPSKI

20. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 of the Complaint.

21. Deny the allegations contained in Paragraph 21 of the Complaint.

22. Deny the allegations contained in Paragraph 22 of the Complaint.

## SECOND CAUSE OF ACTION ON BEHALF OF MICHAEL STEPSKI

23. Deny the allegations contained in Paragraph 23 of the Complaint.

## THIRD CAUSE OF ACTION ON BEHALF OF KIRSTEN STEPSKI

24. Deny the allegations contained in Paragraph 24 of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations that at the time of the occurrence plaintiff, Kirsten Stepski, was pregnant.

25. Deny the allegations contained in Paragraph 25 of the Complaint.

## FOURTH CAUSE OF ACTION ON BEHALF OF KIRSTEN STEPSKI

26. Deny the allegations contained in Paragraph 26 of the Complaint.

## FIFTH CAUSE OF ACTION ON BEHALF OF GEAL RODERICK

27. Deny the allegations contained in Paragraph 27 of the Complaint.

## SIXTH CAUSE OF ACTION
## ON BEHALF OF BENJAMIN SCHOBER

28. Deny the allegations contained in Paragraph 28 of the Complaint.

29. There is no paragraph 29 in the Complaint.

**SEVENTH CAUSE OF ACTION FOR PUNITIVE DAMAGES ON BEHALF OF THE PLAINTIFF, MICHAEL STEPSKI, GEAL RODERICK AND BENJAMIN SCHRODER**

30. Deny the allegations contained in Paragraph 30 of the Complaint.

**EIGHTH CAUSE OF ACTION FOR PUNITIVE DAMAGES ON BEHALF OF THE PLAINTIFF, MICHAEL STEPSKI, GEAL RODERICK AND BENJAMIN SCHRODER**

31. Deny the allegations contained in Paragraph 31 of the Complaint.

32. Deny the allegations contained in Paragraph 32 of the Complaint.

33. Deny that plaintiffs are entitled to punitive damages.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

34. The Court lacks personal jurisdiction over Alena and Doehle.

### SECOND AFFIRMATIVE DEFENSE

35. The Plaintiffs' Complaint fails to state a claim against Alena and Doehle upon which relief may be granted.

### THIRD AFFIRMATIVE DEFENSE

36. Plaintiffs lack standing to claim for the loss of the AVA CLAIRE, her equipment, and her catch.

### FOURTH AFFIRMATIVE DEFENSE

37. This action has been brought in a forum that is inappropriate, inconvenient and improper and should be dismissed under the doctrine of forum non conveniens.

### FIFTH AFFIRMATIVE DEFENSE

38. Plaintiffs are not entitled to a jury trial.

### SIXTH AFFIRMATIVE DEFENSE

39. Plaintiffs' alleged damages, if any, all of which are expressly denied, were caused or contributed to by faults of third persons over whom Alena and/or Doehle neither had nor exercised any control and for which Alena and/or Doehle are not liable.

### SEVENTH AFFIRMATIVE DEFENSE

40. If Plaintiffs sustained any injuries and/or damages as alleged in the amended complaint, all of which are expressly denied, said injuries and/or damages were caused in whole or in part by MICHAEL STEPSKI, GEAL RODERICK and/or BENJAMIN SCHOBER all of whom were engaged in a joint venture at the time of the alleged collision.

### EIGHTH AFFIRMATIVE DEFENSE

41. If Plaintiffs sustained any injuries and/or damages as alleged in the amended complaint, all of which are expressly denied, said injuries and/or damages were caused in whole or in part by Plaintiffs' own gross negligence and/or by their own deliberate acts of indiscretion and/or by their own willful acts, defaults or misbehavior.

## NINTH AFFIRMATIVE DEFENSE

42. Plaintiffs' alleged damages, if any, all of which are expressly denied, were caused solely by and/or contributed to by Plaintiffs' own negligence and the unseaworthiness of Plaintiffs' fishing vessel in the following respects, among others, which will be shown on the trial of this action:

(a) The persons in charge of the Plaintiffs' fishing vessel were incompetent, unfit for duty and/or inattentive to their duties;

(b) Plaintiffs' failed to exercise the good seamanship required by the ordinary practice of seaman or by the special circumstances of the case as required by the International Regulations for the Prevention of Collisions, 33 U.S.C. § 1602, et seq.;

(c) Plaintiffs failed to keep a proper lookout by sight and hearing as well as by all available means appropriate in the prevailing circumstances and conditions as required by the International Regulations for the Prevention of Collisions, 33 U.S.C. § 1602, et seq.;

(d) Plaintiffs failed to make proper and efficient use of their radar as required by the International Regulations for the Prevention of Collisions, 33 U.S.C. § 1602, et seq.;

(e) Plaintiffs failed to determine that a close quarters situation was developing and/or risk of collision existed as required by the International Regulations for the Prevention of Collisions, 33 U.S.C. § 1602, et seq.;

(f) Plaintiffs failed to have due regard to the prevailing circumstances and conditions of restricted visibility as required by the International

Regulations for the Prevention of Collisions, 33 U.S.C. § 1602, et seq.;

(g) Plaintiffs failed to timely slacken their fishing vessel's speed or stop or reverse and navigate with extreme caution until the danger of collision was over as required by the International Regulations for the Prevention of Collisions, 33 U.S.C. § 1602, et seq.;

(h) Plaintiffs failed to comply with the obligations of a vessel fishing in or near a traffic lane as required by the International Regulations for the Prevention of Collisions, 33 U.S.C. § 1602, et seq.;

(i) Plaintiffs failed to sound fog signals in or near an area of restricted visibility as required by the International Regulations for the Prevention of Collisions, 33 U.S.C. § 1602, et seq.; and

(j) Plaintiffs failed to sound proper whistle signals as required by the International Regulations for the Prevention of Collisions, 33 U.S.C. § 1602, et seq.

### TENTH AFFIRMATIVE DEFENSE

43. Plaintiffs appreciated and voluntarily assumed the risk of injury by reason of the conduct alleged in the Complaint.

### ELEVENTH AFFIRMATIVE DEFENSE

44. Plaintiffs' alleged damages, if any, all of which are expressly denied, were the result of pre-existing conditions suffered by Plaintiffs and were not caused or contributed to by faults of Alena and/or Doehle and/or persons over which Alena and/or Doehle had or exercised any control.

### TWELFTH AFFIRMATIVE DEFENSE

45.   Plaintiffs' alleged damages, if any, all of which are expressly denied, have been aggravated by Plaintiffs' failure to use reasonable diligence to mitigate them.

### THIRTEENTH AFFIRMATIVE DEFENSE

46.   Plaintiffs' claim for damages include loss of consortium and service which are barred by the general maritime law and therefore should be stricken as a matter of law

### FOURTEENTH AFFIRMATIVE DEFENSE

47.   Plaintiffs' claims for punitive damages are unconstitutional and violate the due process rights of Alena and Doehle and therefore should be stricken as a matter of law.

### FIFTEENTH AFFIRMATIVE DEFENSE

48.   Defendants' liability, if any, is limited to their interest in the vessel M/V NORASIA ALYA at the end of the voyage in question plus freight then pending, if any, pursuant to 46 U.S.C. § 183, et seq., and it invokes all rights thereunder, including the right to complete exoneration from liability.

## AS AND FOR A COUNTERCLAIM AGAINST PLAINTIFFS MICHAEL STEPSKI, GEAL RODERICK, BENJAMIN SCHOBER

49. Answering defendants allege that any injuries or damages sustained by MICHAEL STEPSKI, KRISTEN STEPSK, GEAL RODERIC, BENJAMIN SCHOBER, the F/V AVA CLAIRE and/or its Owners were caused in whole or in part by the negligence of Plaintiffs MICHAEL STEPSKI, GEAL RODERICK and/or BENJAMIN SCHOBER and in the event that plaintiffs and/or the F/V AVA CLAIRE, and/or its Owners recover judgment against one or both answering defendants, then such answering defendant(s) is/are entitled to contribution or indemnity from plaintiffs.

**WHEREFORE**, answering defendants pray:

A. That the Complaint be dismissed in its entirety and/or that Alena and Doehle be awarded judgment on their affirmative defenses;

B. In the alternative, that Alena and Doehle's Counterclaim for indemnity and/or contribution be granted in its entirety;

C. That Alena and Doehle be awarded all costs incurred in connection with this action; and

D. That the Court grant Alena and Doehle such other and further relief as it may deem just and equitable.

Dated: New York, New York
July 13, 2006

HEALY & BAILLIE, LLP

_____
Richard V. Singleton (RS-9489)
Attorneys for Defendants
61 Broadway, 32nd Floor
New York, New York 10006-2834
(212) 943-3980

330807.1

9