BLANK ROME LLP
Attorneys for Defendants
The Chrysler Building
405 Lexington Avenue
New York, New York  10174-0208
(212) 885-5000
Richard V. Singleton (RS-9489)
Alan M. Weigel (AW-0800)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------X
MICHAEL STEPSKI, KIRSTEN STEPSKI, Wife,
GEAL RODERICK and BENJAMIN SCHOBER,

       Plaintiffs,

-against-

The M/V NORASIA ALYA, her owners,
operators, etc., and MS "ALENA"
SCHIFFAHRTSGESELLSCHAFT mbH & CO. KG,
PETER DOEHLE SCHIFFAHARTS-KG,

       Defendants.
-----------------------------------------------------------------X

ECF CASE

06 CV 01694 (CM)

**AFFIDAVIT OF RICHARD SINGLETON, ESQ. IN SUPPORT OF DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT**

STATE OF NEW YORK  )
          ) ss:
COUNTY OF NEW YORK )

  RICHARD V. SINGLETON, being duly sworn, deposes states as follows:

  1. Deponent is a member of the firm of Blank Rome LLP, attorneys for defendants MS "ALENA" Schiffahrts GmbH & Co. KG and Peter Doehle Schiffaharts-KG, owner and manager of M/V NORASIA ALYA ("NORASIA ALYA") and is admitted to the bar of this honorable court. I am fully familiar with and have personal knowledge of the matters stated herein.

1

2. Deponent submits this Affidavit in support of defendants' motion for an order of partial summary judgment, pursuant to Rule 56 of the Fed. R. Civ. P., (1) holding that F/V AVA CLAIRE's navigation was governed by Rule 19 of the of the International Regulations for the Prevention of Collisions at Sea ("COLREGS"), Oct. 20, 1972, 28 U.S.T. 3459, T.I.A.S. No. 8587, codified at 33 U.S.C.S. § 1602 et seq. -- and not Rule 18 -- as the vessel was operating in heavy fog; (2) dismissing plaintiffs' third cause of action alleging emotional injury by plaintiff Kristen Stepski; (3) dismissing plaintiffs' fourth cause of action alleging loss of consortium by plaintiff Kristen Stepski; (4) dismissing plaintiffs' seventh and eight causes of action seeking punitive damages; (5) holding that plaintiffs failed to mitigate their damages by not seeking proper assistance and/or treatment from a mental health professional; (6) holding that plaintiff Michael Stepski is liable to defendants for contribution on defendants' counter-claim for any judgment against defendants in favor of plaintiffs Roderick and Schober in excess of NORASIA ALYA's proportional fault for the alleged collision; (7) ruling that plaintiff Michael Stepski is liable to defendants for contribution for any judgment against them in favor of plaintiffs Geal Roderick and Benjamin Schober for failing to provide maintenance and cure; and (8) granting such other and further relief as may be appropriate.

3. Plaintiffs are seeking in excess of $25,000,000 from defendants for damages allegedly resulting from a collision between AVA CLAIRE and NORASIA ALYA in heavy fog 30 miles south of Montauk, Long Island, on May 22, 2004.

Attached hereto as Exhibit "A" is a true and correct copy of plaintiffs' Second Supplemental Amended Complaint (the "Complaint") herein.

4. Defendants deny that NORASIA ALYA was the colliding vessel. Attached hereto as Exhibit "B" is a true and correct copy of defendants' Answer to the Complaint.

## A. AVA CLAIRE

### 1. The Vessel and Crew

5. In support of their motion, are submitting the true and correct copies of the deposition transcripts of Michael Stepski, the captain and owner of AVA CLAIRE on May 22, 2004 ("Stepski Tr.")(attached hereto as Exhibit "C"); Geal Roderick ("Roderick Tr.")(attached hereto as Exhibit "D") and Benjamin Schober ("Schober Tr.")(attached hereto as Exhibit "E"), deck hands on AVA CLAIRE on May 22, 2004.

6. AVA CLAIRE was an 18 ton, 42 foot long, wood and fiberglass hulled fishing vessel. (Ex. "C," Stepski Tr. 40.) It was outfitted to handle gill nets and was equipped with a hydraulic net hauler operated from a control station on the vessel's starbaord side aft of the wheel house. (Ex. "C," Stepski Tr. 42, 131-32, 146.)

7. On May 22, 2004 the three persons in AVA CLAIRE's crew were Michael Stepski, who was serving as master; and Geal Roderick and Benjamin Schober, who were serving as deck hands. (Compl. ¶¶ 11, 13, 14.)

### 2. The Accident on May 22, 2004

8. On May 22, 2004, AVA CLAIRE was hauling its gill nets at a location about 30 miles south of Montauk Point, Long Island in the vicinity of the westbound lane of the Ambrose-Nantucket Safety Fairway used by commercial vessels approaching the

Port of New York. (Ex. "C," Stepski Tr. 226 - 28.) AVA CLAIRE was operating in heavy fog when it allegedly collided with a large commercial vessel at about 1233. (Ex. "C," Stepski Tr. 191, 289; Ex. "D," Roderick Tr. 171; Ex. "E," Schober Tr. 60.)

9. AVA CLAIRE sank. (Ex. "C," Stepski Tr. 238.) Stepski, Roderick and Schrober entered the water and subsequently entered the boat's liferaft and donned survival suits. (Ex. "C," Stepski Tr. 238 - 40.) AVA CLAIRE's Emergency Position Indicating Radio Beacon ("EPIRB") was eventually activated. (Ex. "C," Stepski Tr. 240 - 41.)

10. By 1520 local time, AVA CLAIRE's crew was rescued by United States Coast Guard ("USCG") helicopter. Attached hereto as Exhibit "F" is a true and correct copy of the USCG's press release concerning the helicopter rescue of Stepski, Roderick and Schrober. Attached hereto as Exhibit "G" is a true and correct copy of at USCG message cancelling the search and rescue effort for AVA CLAIRE at 1549 local time on May 22, 2004.

**B. NORASIA ALYA**

### 1. The Vessel and Crew

11. Defendants also are submitting the true and correct copies of the deposition transcripts of Captain Kowalewski ("Kowalewski Tr."), the Master of NORASIA ALYA on May 22, 2004 (attached hereto as Exhibit "H"); and Adrian Calimanescu, the watch officer on NORASIA ALYA's bridge from 0800 to 1200 on May 22, 2004 ("Calimanescu Tr.")(attached hereto as Exhibit "I") and the Declaration of Captain

4

Maciej Kowalewski, dated December 3, 2008 ("Kowalewski Decl.") with accompanying Exhibits "1" through "11."

12. At the time of the alleged collision, Captain Kowalewski had 23 years experience at sea and had served as master of 11 different vessels. (Kowalewski Decl. ¶¶ 2 - 3.)

13. NORASIA ALYA is fitted with an Automatic Radar Plotting Aid ("ARPA") and Automatic Identification System ("AIS"), both of which transmit data about nearby vessels to an Electronic Charting Display and Information System ("ECDIS"). (Kowalewski Decl. ¶¶ 6 - 10.)

14. NORASIA ALYA is also outfitted with a "talk-back" system that has a microphone on the forecastle that allows bridge watchstanders to sounds coming from ahead of the vessel. (Kowalewski Decl. ¶10.)

2. **The Transit of the Safety Fairway on May 22, 2004**

15. After NORASIA ALYA departed Hamburg, Germany, on May 15, 2004, it made daily reports to the United States Coast Guard ("USCG") Automated Merchant Vessel Rescue System ("AMVER"), a voluntary global ship reporting system used by search and rescue ("SAR") authorities to arrange for assistance to persons in distress at sea. (Kowalewski Decl. ¶¶ 11 - 12.)

16. When the vessel's transit was delayed by icebergs and an adverse current, the charterer's agent requested that Captain Kowalewski proceed to Ambrose at full speed in order to arrive in time to make a previously scheduled USCG inspection on May 22, 2004. Although he complied with the charterer's agent's request, he was not under

5

601230.00001/6680238v.1

any obligation to do so and could have slowed down at any time if necessary for the vessel's safety and to comply with the COLREGS. (Kowalewski Decl. ¶¶13 - 14.)

17. As the vessel transited the Westbound Safety Fairway during the early morning hours of May 22, 2004 it encountered heavy fog. Captain Kowalewski was on the bridge and maintained a continuous lookout by monitoring both of the vessel's radars He ordered the Chief Officer to begin sounding fog signals by engaging the automatic fog horn. To supplement the lookout capabilities, the talk-back system was energized to listen for fog signals ahead of the vessel. (Kowalewski Decl. ¶¶15 - 23.)

18. At approximately 1227, Captain Kowalewski altered NORASIA ALYA's course 10° to starboard to pass another vessel that was westbound in the Safety Fairway. When he altered course, there were no radar or AIS targets detected outside of the Safety Fairway ahead of the vessel and no fog signals were heard from the talk-back system. (Kowalewski Decl. ¶27.)

19. At about 1400, Captain Kowalewski heard a voice broadcast on VHF Channel 16 from the USCG about a report of a emergency signal from an Emergency Position Indicating Radio Beacon ("EPIRB") from the fishing vessel AVA CLAIRE. He checked NORASIA ALYA's position and determined that he was approximately thirty-two miles past the reported area. Since he had already transmitted his daily AMVER noon position report to the USCG, he expected the USCG Rescue Coordination Center would contact NORASIA ALYA if its assistance was needed for Search and Rescue. No such call was received. (Kowalewski Decl. ¶¶28 - 29.)

601230.00001/6680238v.1

**WHEREFORE**, your deponent respectfully requests that the Court enter partial summary judgment as requested by defendants.

_____
Richard V. Singleton

Sworn to before me this
23rd day of December 2008
_____
NOTARY PUBLIC

ALAN M. WEIGEL
Notary Public - State of New York
No. 02WE6048438
Qualified in New York County
My Commission Expires Sept. 25, 2009