# EXHIBIT A

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------x
MICHAEL STEPSKI, KIRSTEN STEPSKI, Wife,    SECOND SUPPLEMENTAL
GEAL RODERICK AND BENJAMIN SCHOBER,        AMENDED COMPLAINT

                   Plaintiffs,             Plaintiffs Demand
                                           Trial by Jury
        -against-
                                           06 Civil 1694
The M/V NORASIA ALYA, her owners,          (CM)
operators, etc., and MS "ALENA"
SCHIFFAHRTSGESELLSCHAFT mbH & CO. KG,
PETER DÖHLE SCHIFFAHRTS-KG,

                    Defendants.
----------------------------------------x
```



Plaintiffs, by their attorney, THOMAS H. HEALEY, ESQ., complaining of the defendant, alleges upon information and belief, as follows:

1. This is an action brought by plaintiffs seamen-fishermen, MICHAEL STEPSKI, GEAL RODERICK and BENJAMIN SCHOBER, and plaintiff KIRSTEN STEPSKI, spouse, arising out of the ramming and destruction of the American-registered fishing vessel, the AVA CLAIRE, by the defendant's 800-foot container vessel NORASIA ALYA on May 22, 2004 off Montauk Point, Long Island, New York.

2. The plaintiffs are all American citizens and residents of the State of Connecticut.

3. The M/V NORASIA ALYA is a steel hulled, 800-foot ocean-going container vessel built in 2004, registered owner, MS "ALENA" SCHIFFAHRTSGESELLSCHAFT mbH & CO. KG, Ship Manager PETER DÖHLE SCHIFFAHRTS-KG, Elbchaussee 370, 22609 Hamburg,

-1-

Germany, (hereinafter "ALENA").

4. The M/V NORASIA ALYA is and will be during the pendency of process within the jurisdiction of the United States and of this Honorable Court.

5. Defendant ALENA's vessels call regularly at the port of New York and other American ports.

6. ALENA regularly does business in the United States and within the jurisdiction of this Honorable Court.

7. There is complete diversity of citizenship between plaintiffs and the defendants.

8. The amount in controversy exceeds SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00).

9. The plaintiffs invoke the jurisdiction of this Court based upon 28 U.S. Code 1332.

10. The matter is subject to the general maritime law of the United States.

11. The plaintiff, MICHAEL STEPSKI, is a seaman/fisherman, owner and captain of the vessel AVA CLAIRE.

12. Plaintiff, KIRSTEN STEPSKI, is the wife of plaintiff Michael Stepski.

13. Plaintiff, GEAL RODERICK, is a seaman/fisherman and was a member of the crew on the AVA CLAIRE at the time in question.

14. Plaintiff, BENJAMIN SCHOBER, is a seaman/fisherman and was a member of the crew on the AVA CLAIRE at the time in question.

15. On May 22, 2004, the plaintiffs, MICHAEL STEPSKI, GEAL RODERICK and BENJAMIN SCHOBER, were aboard the AVA CLAIRE as captain and crew and were fishing in the waters off Montauk Point, Long Island in designated fishing areas north of the Coast Guard established traffic shipping lanes.

16. On that date and at that site, the AVA CLAIRE was run down, destroyed and sunk by the NORASIA ALYA.

17. The collision, destruction and sinking of the AVA CLAIRE and resulting injuries suffered by the plaintiffs, was the direct and sole result of the actions and omissions of the master and crew of the NORASIA ALYA and defendant ALENA.

18. Defendant's acts constituted willful dereliction of requirements of good seamanship, negligence and reckless disregard for the safety of others including, but not limited to, proceeding without cause outside of the designated inbound traffic lane, ignoring the known and knowable circumstances such as restricted vision, fog and the presence of fishing vessels, failure to post a proper lookout, failure to employ or properly use radar, proceeding at an improper speed, failure and refusal to take the appropriate action to avoid ramming the AVA CLAIRE, failure to make required alterations in course, speed and manning mandated by the circumstances. Defendant failed to stand by and render assistance after the collision as required by the applicable rules of the road and federal statutes.

-3-

19. As a result of the above improper conduct of the NORASIA ALYA, the AVA CLAIRE was totally destroyed and sunk and crew hurled overboard, injured and left abandoned.

### FIRST CAUSE OF ACTION ON BEHALF OF THE PLAINTIFF MICHAEL STEPSKI

20. Plaintiff, MICHAEL STEPSKI, was at the time of the accident, the owner of the AVA CLAIRE and was aboard as her captain.

21. As a result of the improper actions of the defendant NORASIA ALYA, her master and crew and the defendant ALENA, plaintiff MICHAEL STEPSKI suffered severe and permanent physical, mental and psychic injury, including, but not limited to, physical injury intense and repeated fear and apprehension of abandonment and death, and post-traumatic stress syndrome, loss of earnings and profit and medical and rehabilitation expense.

22. As a result, plaintiff has suffered damages in the sum of TEN MILLION DOLLARS, ($10,000,000.00).

### SECOND CAUSE OF ACTION ON BEHALF OF MICHAEL STEPSKI

23. Plaintiff suffered the total loss of his fishing vessel, the AVA CLAIRE, and her equipment and catch with damages in the amount of THREE HUNDRED FIFTY THOUSAND DOLLARS ($350,000.000).

### THIRD CAUSE OF ACTION
### ON BEHALF OF KIRSTEN STEPSKI

24. At the time of the occurrence, plaintiff, KIRSTEN STEPSKI, was pregnant. The defendant's acts and negligence had an immediate effect which directly caused her physical and emotional injury.

25. Plaintiff suffered damages in the amount of FIVE HUNDRED THOUSAND DOLLARS ($500,000.00).

### FOURTH CAUSE OF ACTION
### ON BEHALF OF KIRSTEN STEPSKI

26. Loss of consortium in the amount of THREE HUNDRED THOUSAND DOLLARS ($300,000.00).

### FIFTH CAUSE OF ACTION
### ON BEHALF OF GEAL RODERICK

27. Plaintiff, GEAL RODERICK, suffered severe and permanent physical mental and psychic injury including repeated fear and apprehension of abandonment and death, post-traumatic stress syndrome, loss of income, medical and rehabilitation expense in the amount of SEVEN MILLION DOLLARS ($7,000,000.00).

### SIXTH CAUSE OF ACTION
### ON BEHALF OF BENJAMIN SCHOBER

28. Plaintiff, BENJAMIN SCHOBER, suffered severe and permanent physical mental and psychic injury including repeated

fear and apprehension of abandonment and death, post-traumatic stress syndrome, loss of income, medical and rehabilitation expense in the amount of SEVEN MILLION DOLLARS ($7,000,000.00).

**SEVENTH CAUSE OF ACTION FOR PUNITIVE DAMAGES ON BEHALF OF THE PLAINTIFFS, MICHAEL STEPSKI, GEAL RODERICK AND BENJAMIN SCHRODER**

30. The actions, omissions, and violations of applicable rules and regulations by the M/V NORASIA ALYA, her captain and crew and of ALENA resulting in the ramming and destruction of the AVA CLAIRE constitute reckless, wanton conduct and gross negligence and exhibit a callous disregard for the safety of others.

**EIGHTH CAUSE OF ACTION FOR PUNITIVE DAMAGES ON BEHALF OF THE PLAINTIFFS MICHAEL STEPSKI, GEAL RODERICK, AND BENJAMIN SCHOBER**

31. The failure to stand by and render assistance as required by applicable rules and regulations after the collision constitutes reckless, wanton conduct and criminal disregard for the safety and well being of others.

32. This wanton and reckless conduct was the result of the defendant ALENA's deliberate business policy which was regularly enforced and implemented by defendants.

33. Plaintiffs demand an award of punitive damages in an amount in accord with federal case law.

**WHEREFORE,** plaintiffs' demand judgment against defendants:

on the FIRST CAUSE OF ACTION: TEN MILLION DOLLARS ($10,000,000.00); on the SECOND CAUSE OF ACTION, THREE HUNDRED FIFTY THOUSAND DOLLARS ($350,000.00; on the THIRD CAUSE OF ACTION FIVE HUNDRED THOUSAND DOLLARS ($500,000.00); on the FOURTH CAUSE OF ACTION THREE HUNDRED THOUSAND DOLLARS ($300,000.00); on the FIFTH CAUSE OF ACTION SEVEN MILLION DOLLARS ($7,000,000.00); on the SIXTH CAUSE OF ACTION SEVEN MILLION DOLLARS ($7,000,000.00); on the SEVENTH CAUSE OF ACTION punitive damages as determined on trial; and as to all causes of action except those for punitive damages, the plaintiffs demand pre-judgment interest commencing from the date of the incident, May 22, 2004 together with costs, disbursements and attorneys' fees and for such other, further and different relief as the court may deem just and proper.

DATED: NEW YORK, NEW YORK
       May 25, 2006

                                        Yours, etc.

                                        THOMAS H. HEALEY, ESQ.
                                        Attorney for Plaintiffs

                                        BY: _____
                                        Thomas H. Healey (THH-3093)
                                        17 Battery Place, Suite 605
                                        New York, New York 10004
                                        (212)943-3520

TO:   MS "ALENA" SCHIFFAHRTSGESELLSCHAFT mbH & CO. KG
      Elbchaussee 370
      22609 Hamburg, Germany

      PETER DÖHLE SCHIFFAHRTS-KG
      Elbchaussee 370
      22609 Hamburg, Germany

INDEX NO. 06 CIVIL 1694 (CM)
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MICHAEL STEPSKI, KIRSTEN STEPSKI, WIFE,
GEAL RODERICK and BENJAMIN SCHOBER

                         Plaintiff,

               -against-

THE M/V NORASIA ALYA, her owners, operators,
etc., and MS (ALENA) SCHIFFAHRTSGESELLSCHAFT
mbH & CO. KG (GERMANY), PETER DOEHLE
SCHIFFAHRTS-KG GmbH and CO.,

                         Defendants.

## SUPPLEMENTAL AMENDED COMPLAINT

THOMAS H. HEALEY, ESQ.
Attorney for Plaintiffs
17 Battery Place - Suite 605
New York, New York
(212) 943-3520