```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------x

MICHAEL STEPSKI, KIRSTEN STEPSKI, Wife,
GEAL RODERICK AND BENJAMIN SCHOBER,

                Plaintiffs,

        -against-
                                                06 Civil 1694
The M/V NORASIA ALYA, her owners,                  (KMK)
operators, etc., and MS "ALENA"
SCHIFFAHRTSGESELLSCHAFT mbH & CO. KG,
PETER DOHLE SCHIFFAHRTS-KG,

                Defendants.

----------------------------------------x
```

### PLAINTIFFS' RESPONSE TO DEFENDANTS' RULE 56.1 STATEMENT IN SUPPORT OF DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT

**In response to defendants' submissions 1, 2, 3:**

Objection.

Irrelevant to issue. Singleton Affidavit is an incompetent source. Exhibits are without proper foundation.

**In response to defendants' submissions 4, 5, 6, 7:**

Denied.

Incomplete, selective, inaccurate and misleading. (See plaintiffs' submissions 1, 2, 3 and 4.)

**In response to defendants' submissions 8, 10, 11, 12:**

Plaintiffs do not contest the content, but object to their relevance and so move to strike.

THOMAS H. HEALEY, ESQ.

**In response to defendants' submission 9:**

Denied. See plaintiffs' submission 6.

**In response to defendants' submission 13:**

Denied. Defendants cite in support (a) "ship's particulars" which is hearsay and irrelevant; (b) Kowalewski "declaration" Exhibit 5 is vague, incompetent and conclusory. Plaintiffs move to strike Exhibit 5.

**In response to defendants' submissions 14, 15, 16, 17:**

Denied. That NORASIA ALYA had such capabilities is irrelevant. The issue is were they used. The deck log and Kowalewski's examination before trial show that they were not.

**In response to defendants' submission 18:**

Plaintiffs do not contest the content, but object to its relevance to the issues and so move to strike.

**In response to defendants' submission 19:**

Denied. There are no confirming entries in NORASIA ALYA deck log.

**In response to defendants' submissions 20, 21:**

Denied. Kowalewski "declaration", Exhibit 5 is incompetent and untrustworthy.

**In response to defendants' submission 22, 24:**

Plaintiffs do not contest the content, but object to relevance and move to strike.

**In response to defendants' submission 23:**

Denied. The referenced Captain's Standing Order (Defendants' Exhibit 6) is dated "at sea 30 June '04." The collision was May 22, 2004.

**In response to defendants' submission 25:**

Denied. Incompetent. Kowalewski cannot testify to events when he was off bridge.

**In response to defendants' submissions 26, 27, 29:**

Denied. The watch left the bridge for "meals and toilet." 1100 to 1300 was meal time. Fog conditions were not constant.

**In response to defendants' submission 28:**

Denied. These are questions of fact. The log does not confirm allegations regarding sounding fog signals.

**In response to defendants' submission 30:**

Plaintiffs do not contest the content, but object to its relevance and move to strike.

**In response to defendants' submission 31:**

Denied. Given the undermanning of the bridge and the multiple tasks involved, the radars could not be monitored as required by COLREGS.

**In response to defendants' submission 32:**

Denied. Vague and conclusory, without times and particulars, no relevance is demonstrated.

**In response to defendants' submissions 33, 34:**

Denied. As a matter of law, COLREGS 5 was violated. There was no lookout and so none to "supplement."

**In response to defendants' submissions 35, 36, 37, 38:**

Denied. There is no probative proof in the present record.

**In response to defendants' submission 39:**

Denied. The NORASIA ALYA's failure to target and track AVA CLAIRE on its radar is proof of its negligence, not that there was no target.

**In response to defendants' submission 40:**

Denied. Without proper foundation. Since fog conditions varied, visibility limits remain a question of fact.

**In response to defendants' submission 41:**

Denied. The statement "at about 1400" is incorrect. See defendant's Exhibit: United States Coast Guard Record of Urgent Transmission.

**In response to defendants' submissions 42, 43, 44, 45:**

Denied. Incompetent as based on "declaration."

**In response to defendants' submissions 46 through 65:**

Plaintiffs object generally:

(1) They are beyond the permitted motion.

(2) The submissions are based on Attorney Unger's affidavit which is inadmissible.

(3) Mitigation of damages and determination of Jones

-4-

Act/seaman status are fact specific and involve questions of fact.

**In response to defendants' submissions 46, 47, 48, 49, 50:**

Denied based on truncated citations to depositions and include counsel's comment.

A fair reading of the full materials show that plaintiffs Stepski, Roderick and Schober suffer from post-traumatic stress disorder, described by Dr. Merriam on examination before trial as a "...disorder is one that tends to be indelible. People generally do not return to their former selves and there is typically a pattern of recurrence during life stress..."
(Merriam Deposition, p. what page??
See also, pgs. 31 lines 11-16; 60, 61, 71.

The plaintiffs have testified that they are without medical health insurance and have no financial resources. (Merriam Deposition, pgs. 103-104)

Questions of fact are involved.

**In response to defendants' submissions 51, 52:**

Admit.

**In response to defendants' submissions 53, 54, 55:**

Denied.

Dr. Merriam's testimony must be read as a whole. Counsel's selection of sound bites is misleading.

**In response to defendants' submissions 56, 57, 58:**

Denied.

Dr. Small's examination before trial must be read in full context. Use of terms of characterization, e.g. "unilaterally elected", "successfully treated", "optimistically" are beliefs of Unger Affidavit, not facts.

**In response to defendants' submissions 59, 60:**

Denied, without foundation. Objectionable in form, assumes plaintiffs had legal obligations.

**In response to defendants' submissions 61, 62, 63, 64:**

Denied; without basis, bad in form, not factual, but contain attorney's commentary.

**In response to defendants' submission 65:**

Denied. Object. The question of "cure" was never part of the issues joined, nor raised.

DATED: NEW YORK, NEW YORK
      February 17, 2009

                              Yours, etc.

                              THOMAS H. HEALEY, ESQ.
                              Attorney for Plaintiffs

                              BY: _____
                              Thomas H. Healey (THH-3093)
                              17 Battery Place – Suite 605
                              New York, New York 10004
                              (212) 943-3520

TO:  BLANK ROME LLP
     Attorney for Defendants
     405 Lexington Avenue
     New York, New York 10174

     FREEHILL, HOGAN & MAHAR
     80 Pine Street
     New York, New York 10005