*Thomas H. Healey, Esq.*
*17 Battery Place - Suite 605*
*New York, New York 10004*

Facsimile: (212) 943-3525        Telephone: (212) 943-3520

January 21, 2010

**VIA TELEFAX AND MAIL**

Honorable James S. Gwin
United States District Judge
United States Court House
Two South Main Street
Akron, Ohio 44308-1813

> RE: Michael Stepski, Kristen Stepski,
> Geal Roderick, Benjamin Schober v.
> C/V NORASIA ALYA, et al.
> 06 Civil 1694 (JSG)
> ------------------------------------

Dear Judge Gwin:

Following Judge Karas' rule, (which has governed the motions before the court), we write to request a pre-motion conference on the following issue on the enumerated grounds.

The United States Supreme Court in Exxon Shipping Company, et al. v. Grant Baker, et al., 128 S.Ct. 2605, granted certiorari including two specific issues: (a) are punitive damages generally available under maritime law; and (b) under what circumstances are the vessel owners responsible for the acts of their master.

On the first question, the Court held that under maritime law punitive damages are generally available. The Court made clear that its decision in Miles v. Apex Marine Corp., 498 U.S. 19 (1990), is limited to Jones Act seamen and has no impact on the general availability of punitive damages.

On the second point, namely, the owner's responsibility for the acts of the master, the Court was evenly divided four by four, and, therefore, left standing the results in the Ninth Circuit which found the owner responsible for punitive damages attributable to the master's acts. The Court made clear, however, that this was not a ruling.

Reading all decisions in Baker, there was general agreement that the owner is responsible if it: (a) acquiesces in or approves the fault of the master or alternatively, (b) if the master is in a sufficient managerial capacity and there is some fault on the owner. No clear rule was enunciated as to the quantum of proof needed on the issue of managerial capacity.

*Thomas H. Healey, Esq.*

Therefore, the determination of the owner's vicarious responsibility is a question of fact for the jury under a proper charge which allows the jury to weigh the proof.

* * * * * * * * * *

This Court dismissed the punitive claim based upon its determinations of fact, viz, that there was no evidence, that the defendants authorized or ratified Captain Maciej Kowalewski's actions. We submit this is incorrect on the record before the Court, (which record plaintiffs have full right to amplify on trial).

Captain Kowalewski testified that he was maintaining the speed of 22.4 knots as this was company policy as it was the most efficient rpms for engine use.

Of pivotal importance is this Court's statement that:

> ...NORASIA ALYA's charterer requested that the vessel proceed at full speed to New York in order to arrive in time for a previously-scheduled USCG inspection. There is no evidence that the Defendants (i.e. the owner and manager) authorized, ratified, or had any knowledge of this order. ...

(January 14, 2010 Opinion, pg. 19)

There is no proof of this; what evidence there is is to the contrary. It is admitted by Captain Kowalewski and Third Officer Adrian Calimanescu that <u>all</u> radio traffic was regularly maintained in an official radio log book. Communication with owners would be recorded. This log book, though demanded, has never been produced nor has its absence been satisfactorily explained.

Under the admiralty law set forth recently by the Second Circuit in <u>Otal Investments, Ltd. v. M/V CLARY</u>, 494 F.3d 40 (2d Cir. 2007), the absence of the log book is positive evidence of consciousness of guilt:

> ...When a party is once found to be fabricating or suppressing documents, the natural, indeed the inevitable conclusion is that he has something to conceal and is conscious of guilt. ...

*Thomas H. Healey, Esq.*

This is a factual determination involving credibility which is for the jury alone.

The NORASIA ALYA was sailing with inadequate radar as evidenced by the vessel's document. If the failure of the radar was causally connected with the collision, then the finder of fact could conclude that the owners were directly responsible.

Conclusion: the questions of whether the owners were <u>directly</u> responsible by acquiescing in the vessel's unreasonable navigation is a question of fact.

Whether Captain Kowalewski was of sufficient managerial responsibility so that coupled with owner's fault, owners are vicariously liable is a further fact question.

Resolution of fact questions by the court on summary judgment is improper.

There is proof upon which a jury could find the operation of M/V NORASIA ALYA constituted gross negligence.

We await further instruction from the Court.

Respectfully submitted,

Thomas H. Healey

THH:ac

cc: Blank Rome LLP
    Attention: Alan M. Weigel, Esq.

    Freehill, Hogan & Mahar
    Attention: Michael Unger, Esq.