BLANK ROME LLP
Attorneys for Defendants
The Chrysler Building
405 Lexington Avenue
New York, New York  10174-0208
(212) 885-5000
Richard V. Singleton (RS-9489)
Alan M. Weigel (AW-0800)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------X

| | |
|---|---|
| MICHAEL STEPSKI, KIRSTEN STEPSKI, Wife, GEAL RODERICK and BENJAMIN SCHOBER, | ECF CASE |
| | 06 CV 01694 (CM) |
| Plaintiffs, | |
| -against- | |
| The M/V NORASIA ALYA, her owners, operators, etc., and MS "ALENA" SCHIFFAHRTSGESELLSCHAFT mbH & CO. KG, PETER DOEHLE SCHIFFAHARTS-KG, | **AFFIDAVIT OF RICHARD SINGLETON, ESQ. IN OPPOSITION TO PLAINTIFFS' IN LIMINE MOTION** |
| Defendants. | |

------------------------------------------------------------------X

STATE OF NEW YORK    )
                                       )  ss:
COUNTY OF NEW YORK  )

RICHARD V. SINGLETON, being duly sworn, deposes states as follows:

1. Deponent is a member of the firm of Blank Rome LLP, attorneys for Defendants MS "ALENA" Schiffahrts GmbH & Co. KG and Peter Doehle Schiffaharts-KG, owner and manager of M/V NORASIA ALYA ("NORASIA ALYA") and is admitted to the bar of this honorable court.  I am fully familiar with and have personal knowledge of the matters stated herein.

1

2. Deponent submits this Affidavit in opposition to Plaintiffs' motion striking the expert reports of Defendants' maritime expert, Captain Jay Bolton, and precluding Captain Bolton from testifying. In the alternative, if the Court grants Plaintiffs' motion, Defendants cross-move for an Oder striking the expert reports of Plaintiffs' maritime expert, Captain Joseph Ahlstrom, and precluding Captain Bolton from testifying.

3. Attached hereto as Exhibit "A" is a true and correct copy of a "Conversation Record" prepared by the USCG on May 22, 2004 documenting its initial interview with Michael Stepski.

4. Attached hereto as Exhibit "B" is a true and correct copy of a "Conversation Record" prepared by the USCG on May 22, 2004 documenting its initial interview with Geal Roderick.

5. Attached hereto as Exhibit "C" is a true and correct copy of a "Conversation Record" prepared by the USCG on May 22, 2004 documenting its initial interview with Benjamin Schober.

6. Attached hereto as Exhibit "D" is a true and correct copy of Michael Stepski's hand-written statement concerning the incident prepared while at USCG Air Station Cape Cod on May 22, 2004.

7. Attached hereto as Exhibit "E" is a true and correct copy of Geal Roderick's hand-written statement concerning the incident prepared while at USCG Air Station Cape Cod on May 22, 2004.

8. Attached hereto as Exhibit "F" is a true and correct copy of Benjamin Schober's hand-written statement concerning the incident prepared while at USCG Air Station Cape Cod on May 22, 2004.

9. Attached hereto as Exhibit "G" is a true and correct copy of the USCG's "Report of Investigation Into the Circumstances Surrounding the Incident Involving AVA CLAIRE v. NORASIA ALYA: Collision on 05/22/2004."

10. Attached hereto as Exhibit "H" is a true and correct copy of the USCG's Findings of Fact and Conclusions concerning the incident.

11. Attached hereto as Exhibit "I" is a true and correct copy of the report by Plaintiffs' maritime expert, Captain Joseph Ahlstrom dated February 5, 2008.

12. Attached hereto as Exhibit "J" is a true and correct copy of supplemental report from Captain Ahlstrom dated February 10, 2010.

13. Attached hereto as Exhibit "K" is a true and correct copy of the report by Defendants' maritime expert, Captain Jay Bolton, dated May 6, 2008.

14. Attached hereto as Exhibit "L" is a true and correct copy of Captain Bolton's Supplemental Report dated May 14, 2006.

**WHEREFORE**, your deponent respectfully requests that the Court enter an Order denying Plaintiffs' motion to strike Captain Bolton's reports and permitting him to testify in the trial of this matter, or, in the alternative, if the Court grants Plaintiffs' motion, it should also enter an Order striking Captain Ahlstrom's report and precluding his testimony at the trial of this matter, and for such other and further relief as the Court deems just and equitable.

Richard V. Singleton

Sworn to before me this
19th day of February 2010

NOTARY PUBLIC

KARL V. REDA
Notary Public, State of New York
No. 30-4783126, Qual. in Nassau Cty.
Certificate Filed in New York County
Commission Expires Nov 30, 2013

4

601230.00001/6831996v.1