UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------
                                                       :
MICHAEL STEPSKI, *et al.,*                     :
                                                     :         CASE NO. 7:06-cv-01694
                Plaintiffs,                  :
                                                     :
vs.                                                     :         OPINION & ORDER
                                                    :         [Resolving Doc. Nos. 56, 63.]
THE M/V NORASIA ALYA*, et al.,*         :
                                                    :
                Defendants.                 :
                                                      :
-------------------------------------------------------

JAMES S. GWIN,[1] UNITED STATES DISTRICT JUDGE:

       In this case arising out of a boat collision, the Plaintiffs move the Court to reconsider a portion of its opinion and order granting partial summary judgment to the Defendants. [Doc. 56.] The Defendants oppose the motion. [Doc. 58.] The Plaintiffs have replied [Doc. 60], and the Defendants filed a motion for leave to file a sur-reply [Doc. 63].

       For the following reasons, the Court **DENIES** the Plaintiffs' motion for reconsideration.

### I. Background & Procedural History[2]

       In its January 14, 2010 Opinion and Order, the Court granted partial summary judgment in favor of the Defendants on, *inter alia*, Plaintiffs Michael Stepski's, Benjamin Schober's, and Gael Roderick's claims for punitive damages. [Doc. 54 at 18-10.] Specifically, this Court held:

       This Court is inclined to follow the majority of circuits in requiring that, in order to

---

[1] The Honorable James S. Gwin of the United States District Court for the Northern District of Ohio, sitting by designation.

[2] The factual background and procedural history of this case are set out more thoroughly in this Court's January 14, 2010 summary judgment Opinion and Order. [Doc. 54.]

Case No. 7:06-cv-01694
Gwin, J.

> recover punitive damages against a shipowner under the general maritime law based upon the acts of an agent, a plaintiff show either (1) that the owner ratified or authorized the agent's actions, (2) that an agent acting in a managerial capacity within the scope of his employment acted egregiously and that the principal shares blame for the wrongdoing, or (3) that the owner himself acted recklessly in employing the agent. . . .
>
> There is no evidence that the Defendants authorized or ratified [Captain] Kowalewski's or any other crew member's actions before or after the accident. There is similarly no evidence that the Defendants were themselves reckless in employing Kowalewski. . . . Finally, there is no evidence that Kowalewski was a managing agent of the Norasia Alya's owner and manager and that the owner and manager were in any way at fault for the actions of Kowalewski and the crew on [the date of the collision].

[*Id.* at 18.] The Court therefore granted summary judgment in favor of the Defendants on the Plaintiffs' punitive damages claims.

On January 22, 2010, the Plaintiffs filed the instant motion for reconsideration, moving this Court to alter the portion of its order granting summary judgment for the Defendants on the punitive damages claims. [Doc. 56.] The Defendants oppose the motion, arguing that the Plaintiffs present no new arguments or facts, and that any new arguments are not supported by the evidence. [Doc. 58.] The Plaintiffs replied on February 4, 2010. [Doc. 60.] On February 12, 2010, the Defendants filed a motion for leave to file a sur-reply to the Plaintiffs' February 4, 2010 reply and contemporaneously filed their sur-reply. [Doc. 63.] Because the Defendants' sur-reply addresses arguments the Plaintiffs raise for the first time in their reply brief, The Court **GRANTS** the Defendants' motion for leave to file a sur-reply.

## II. Legal Standard

A motion to reconsider a court's partial grant of summary judgment is governed by Federal Rule of Civil Procedure 54(b). Under Rule 54(b), in a multi-claim lawsuit:

> [A]ny order or other decision, however designated, that adjudicates fewer than all the

Case No. 7:06-cv-01694
Gwin, J.

> claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Fed. R. Civ. P. 54(b). Accordingly, this Court's order granting summary judgment in favor of the Defendants on some, but not all, claims is subject to revision at any time.

Nevertheless, the district court's discretion to reconsider a non-final ruling is limited by the law of the case doctrine and, "subject to the caveat that where litigants have once battled for the court's decision, they should neither be required, nor without good reason permitted, to battle for it again." *Official Comm. of Unsecured Creditors of Color Title, Inc. v. Cooper's & Lybrand, LLP*, 322 F.3d 147, 167 (2d Cir. 2003)(quoting *Zdanok v. Glidden Co.*, 327 F.2d 944, 953(2d Cir. 1964)). Thus, courts typically exercise their discretion to re-examine an issue only in certain circumstances, including, "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Virgin Atlantic Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir.1992)(quoting 18C Charles Wright, Arthur Miller, and Edward Cooper, Federal Practice and Procedure § 4478). In addition, the presence of any of these factors must be weighed against the prejudice that such a revision will cause to the non-moving party. *See In re Bisys Sec. Litig.*, 496 F. Supp. 2d 384, 386 (S.D.N.Y. 2007).

### III. Analysis

In this case, the Plaintiffs have presented no basis for the Court to revise its summary judgment opinion. The Plaintiffs first suggest that the Court overlooked relevant case law in reaching its summary judgment decision. [Doc. 56 at 1; Doc. 60 at 1-2.] In particular, the Plaintiffs suggest that the Court did not fully consider the Supreme Court's decision in *Exxon Shipping Co. v. Baker*, 128 S.Ct. 2605 (2008). The Plaintiffs first argue that *Exxon* stands for the proposition that punitive damages are generally available under the general maritime law. [Doc. 56 at 1.] The Court

-3-

Case No. 7:06-cv-01694
Gwin, J.

came to the same conclusion, albeit relying on a different Supreme Court case. [*See* Doc. 54 at 17 (citing *Atlantic Sounding Co. v. Townsend*, 129 S.Ct. 2561 (2009).]   The Plaintiffs then say:

> On the second point, namely the owner's responsibility for the acts of the master, the Court was evenly divided four by four, and, therefore, left standing the results in the Ninth Circuit which found the owner responsible for punitive damages attributable to the master's acts.  The Court made clear, however, that this was not a ruling.
>
> Reading all decisions in *Baker*, there was general agreement that the owner is responsible if it: (a) acquiesces in or approves of the fault of the master or alternatively (b) if the master is in a sufficient managerial capacity and there is some fault on the owner. . . .

[Doc. 56 at 1.]  As a preliminary matter, as the Plaintiffs note, the Supreme Court split 4-4 on the question of vicarious liability for punitive damages and explicitly stated that its holding on this issue had no precedential value.  This Court recognized this holding in its summary judgment order. [*See* Doc. 54 at 18.] Moreover, relying on the majority view of the circuits who had considered the issue, the Court enunciated a legal standard for vicarious liability for punitive damages nearly identical to that which the Plaintiffs derive from *Exxon*. [*See* Doc. 54 at 18-19 (requiring a plaintiff making such a claim to show "either (1) that the owner ratified or authorized the agent's actions, (2) that an agent acting in a managerial capacity within the scope of his employment acted egregiously and that the principal shares blame for the wrongdoing, or (3) that the owner himself acted recklessly in employing the agent. . . .").]  Accordingly, the Plaintiffs' argument that the Supreme Court's decision in *Exxon* supports their motion for reconsideration fails.

The Plaintiffs next suggest that the Court overlooked certain evidence relevant to the punitive damages issue.  In particular, the Plaintiffs argue that the Court wrongly determined that there was no evidence that the Defendants authorized or ratified Captain Kowalewski's actions. The Plaintiffs argue that a radio logbook exists that would show communication between Kowalewski and the Defendants and that the Defendants have refused to produce this log. [Doc. 56 at 2; Doc. 60

Case No. 7:06-cv-01694
Gwin, J.

at 2-4.] The Plaintiffs argue that the logbook that the Defendants have produced is not the actual radio logbook that would record such communications, and that a second radio log exists. [*Id.*; *See* Doc. 60-1.] They claim that "the absence of the log book is positive evidence of consciousness of guilt," relying on the Second Circuit's opinion in *Otal Investments, Ltd. v. M/V Clary*, 494 F.3d 40 (2d Cir. 2007). [Doc. 56 at 2.] This argument also fails.

The Defendants deny that they are suppressing any evidence and claim that no additional logbooks exist. The Defendants further argue that any communications between the Defendants (or the vessel's charterer) and the Norasia Alya were by email, and that, therefore, even if another logbook existed, it would not contain any evidence supporting the Plaintiffs' claim that the Defendants (i.e., the owner and manager of the Norasia Alya) acquiesced in or approved of the actions of the crew aboard the Norasia Alya. The Defendants have presented evidence in support of their claim that the Norasia Alya communicated with these parties by email. The Plaintiffs have offered no evidence to the contrary, and instead assert that the Court must draw all inferences against the Defendant because of the allegedly suppressed logbook. This argument goes beyond the scope of the presumption the Second Circuit described in *Otal*. *See* 494 F.3d at 49, 58 (explaining that unexplained obvious alteration of logbook creates presumption that erased entries were adverse to altering party's position at trial). Accordingly, the Plaintiffs' claim that the Defendants have not produced a logbook does not warrant reconsideration of the Court's summary judgment order.

Finally, in their reply brief, the Plaintiffs assert that the Court "may take judicial notice of control possibilities of shore based owners with modern technology of ships at sea." [Doc. 60 at 2.] Judicial notice of this "fact" would be improper pursuant to Fed. R. Evid. 201.

The Court concludes that the Plaintiffs have not shown a proper basis for the Court to reconsider the challenged portion of its summary judgment order.

Case No. 7:06-cv-01694
Gwin, J.

### III. Conclusion

For the foregoing reasons, the Court **DENIES** the Plaintiffs' motion for reconsideration.

IT IS SO ORDERED.

Dated: March 3, 2010

JAMES S. GWIN
UNITED STATES DISTRICT JUDGE