UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------------X          ECF CASE

MICHAEL STEPSKI, KIRSTEN STEPSKI, Wife,           :
GEAL RODERICK and BENJAMIN SCHOBER,              :          06 CV 01694 (CM)
                                                 :
                    Plaintiffs,                  :
                                                 :
            -against-                            :
                                                 :
The M/V NORASIA ALYA, her owners,                :
operators, etc., and MS"ALENA'                   :
SCHIFFAHRTSGESELLSCHAFT mbH & CO. KG,            :
PETER DOEHLE SCHIFFAHARTS-KG,                     :
                                                 :
                    Defendants.                  :
-----------------------------------------------------------------------X

## DEFENDANTS' OBJECTIONS TO PLAINTIFF'S
## PROPOSED REQUESTS TO CHARGE

BLANK ROME LLP                          FREEHILL HOGAN & MAHAR, LLP
Attorneys for Defendants                Attorneys for Defendants
MS"ALENA'                               MS"ALENA'
SCHIFFAHRTSGESELLSCHAFT                 SCHIFFAHRTSGESELLSCHAFT
mbH & CO. KG,PETER DOEHLE               mbH & CO. KG,PETER DOEHLE
SCHIFFAHARTS-KG                         SCHIFFAHARTS-KG
The Chrysler Building                   80 Pine Street
405 Lexington Avenue                    New York, New York 10005
New York, New York  10174-0208          (212)-425-1900
(212) 885-5000

## INTRODUCTION

Defendants, MS "ALENA" Schiffahrts Gesellschaft mbH & CO. KG and Peter Doehle Schiffaharts-KG, by their attorneys, Blank Rome LLP and Freehill Hogan & Mahar LLP, hereby submit the following Objections to Plaintiffs' Proposed Requests to Charge.

## Objection To "General Background Facts"

In addition to the specific objections set forth below, Defendants object to Plaintiffs' proposed jury instructions entitled "General Background Facts" as argumentative.

"Jury instructions are designed to clarify issues for the jury and to educate the jury about what factors are probative on the issues." *Spesco, Inc. v. Gen. Elec. Co.*, 719 F.2d 233, 239 (7th Cir. 1983). Instructions which emphasize one party's recitation of the facts and disregard relevant evidence is viewed as argumentative by the court and may therefore be rejected. *See id.*; *U.S. v. Menting*, 166 F.3d 923, 927-28 (7th Cir. 1999) (noting that a court may reject proposed jury instructions which are argumentative and confusing). Additionally, where the party's proposed instructions contain improper factual arguments that are within the province of the jury to decide, the court's rejection of such instructions is proper. *Emmel v. Coca-Cola Bottling Co.*, 904 F. Supp. 723, 743 (N.D. Ill. 1995).

"Jury instructions are adequate where they properly state the law and where there is adequate evidence to support the instruction." *Westchester Fire Ins. Co. v. Am. Wood Fibers, Inc.*, 2006 U.S. Dist. LEXIS 80046, at * 4 (N.D. Ind. Oct. 31, 2006). An instruction is erroneous when it "misleads the jury as to the correct legal standard or does not adequately inform the jury on the law." *LNC Invs. v. First Fid. Bank, N.A.*, 173 F.3d 454, 460 (2d Cir. 1999) (quoting *Anderson v. Branen*, 17 F.3d 552, 556 (2d Cir. 1994)). A court has the authority to reject jury instructions which do not adequately state the law. *See Menting*, 166 F.3d at 927.

Plaintiffs' proposed jury instructions entitled "General Background Facts" are argumentative and should be rejected by the Court.  Plaintiffs' factual instructions emphasize plaintiffs' version of the facts, facts which have not been stipulated to and are still disputed.  Plaintiffs' proposed jury instructions wholly disregard Defendants' account of the facts, which would serve to confuse the jury.  These constitute "improper factual arguments" that are the jury's duty to decide.  As such, Plaintiffs' instructions are improper and should be rejected by the Court.  *See Emmel*, 904 F. Supp. at 743.

As discussed in more detail below, many of Plaintiffs' proposed jury instructions are erroneous because they are unsupported, incorrectly or inadequately state the law, and/or are argumentative.  As a result, such instructions are improper and should be rejected.  *See Menting*, 166 F.3d at 927.

## I.     Plaintiffs' Proposed Jury Instruction 3

Defendants object to Plaintiffs' proposed jury instruction no. 3, specifically the statement: "The vessel must apply the rule in accordance with the court interpretation and not by a private determination."  The cited authority on which Plaintiffs rely, *Alkemon Naviera v. The Marina L*, 633 F.2d 789 (9th Cir. 1980), does not support this proposition.  As a result, Plaintiffs' proposed jury instruction is an inadequate representation of the law and should be rejected.

## II.    Plaintiffs' Proposed Instruction 5

Defendants object to Plaintiffs' proposed instruction no. 5, specifically the portion:

> On vessels where there is an unobstructed all-around view provided at the steering station as on fishing boats or pleasure vessels with no impediment to keeping a proper lookout, the helmsman may serve as the lookout.

In support of this proposition, Plaintiffs' cite to <u>Senate Report No. 879</u>, 96th Cong. Second Session 7-8, 1980.  This citation does not support the proposition Plaintiffs' assert.  This Report

2

deals solely with the Waste Oil Recycling Act of 1980.   There is no reference to the duties imposed on the lookout pursuant to COLREG 5.   This instruction is therefore improper.

In addition, Plaintiffs' proposed jury instruction which states that "It is no excuse to claim fog impeded vision" is improper because the cited authority does not stand for this proposition.   In *The Sagamore*, the case cited by Plaintiffs, the court noted that the inability to see does not justify the lack of a lookout or the withdrawal of a previously stationed lookout.   247 F. 743, 755 (1st Cir. 1917).   Plaintiffs' proposed jury instruction presupposes facts that are in dispute, namely that there was no lookout or an abandonment of lookout occurred.   Plaintiffs' proposed jury instruction is argumentative and should be rejected by the court.   In the alternative, Defendants' request the Court adopt their proposed instructions paragraphs no. 73 and no. 74, which state the correct law on the issue.

## III.   Plaintiffs' Proposed Instruction 6

To the extent the term "N.B" has any significance, Defendants object to the use of the term since it is not supported by the law.   To the extent Plaintiffs are suggesting that the state of visibility of Rule 6(a) is the most important of the factors to be considered, this suggestion should be rejected because it has no support in the law.

## IV.   Plaintiffs' Proposed Instruction 7

Defendants object to Plaintiffs' proposed jury instruction no. 7 to the extent it is an incomplete characterization of the law.   Specifically, Defendants request that paragraph 3 of Plaintiffs' proposed jury instruction be revised as follows (changes in italics):

> Rule 7(b) provides that each vessel "shall" make "[p]roper use of radar equipment *if fitted and operational, including long-range scanning to obtain early warning of risk of collision* and radar plotting or equivalent systematic observation of detected objects."

3

Further Defendants object to Plaintiffs' mis-statement of Rule 19(b).  Rule 19(b) requires that a vessel have her engines ready for "immediate" maneuver.  Moreover, Plaintiffs' proposed instruction ignores the principle that a vessel with bridge control of its engines can be found to satisfy this rule.  *See* CRAIG H. ALLEN, FARWELL'S RULES OF THE NAUTICAL ROAD 199 (8th ed. 2005)(cited by Plainitffs); *see also In re Complaint of Bankers Trust Co.*, 503 F. Supp. 337, 345 (E.D. Pa. 1980).

## V.      Plaintiffs' Proposed Instruction 8

Defendants object to Plaintiffs' proposed jury instruction no. 8 as improper factual argument.  Plaintiffs' proposed jury instruction states:

> The failure of NORASIA ALYA to pick up the AVA CLAIRE on radar whether because of impaired operability or negligent monitoring is a violation of Rule 7(b).  *In re Oceans Foods Boat Co.*, 1989 AMC at 591, 692 F. Supp. At 1263 (D. Or. 1988)(finding violation of Rule 7(b) where crew members failed to watch the radar as closely as they should have).

As stated more generally above, this type of argumentative jury instruction is improper. *See Spesco*, 719 F.2d at 239.  It is within the sole province of the jury to decide whether Defendants failed to pick up Plaintiffs on radar because of impaired operability or negligent monitoring.  Plaintiffs' proposed instruction ignores other possibilities, such as the fact that AVA CLAIRE was not detected on NORASIA ALYA's radar because it was too far away or was not detectable at all because it was not outfitted with a radar reflector.  Accordingly, Plaintiffs' proposed jury instruction containing improper factual argument should be rejected.  *See Emmel*, 904 F. Supp. at 743.  In the alternative, Defendants' request the Court adopt their proposed instructions nos. 84 through 86, which provide a proper recitation of the law and which is void of improper factual argument.

## VI.   <u>Plaintiffs' Proposed Instruction 9</u>

Defendants object to Plaintiffs' proposed jury instruction no. 9 to the extent it is an incomplete characterization of the law.   Specifically, Defendants request that paragraph 1 of Plaintiffs' proposed jury instruction be revised as follows (changes in italics):

> By statute, 46 U.S.C. 2304, and international law a mariner is under obligation to provide assistance *to those found at sea in danger of being lost, so far as the mariner can do so without serious damage to the vessel or the individuals on board.*

In addition Plaintiffs' citation to SOLAS Chapter 4, Reg. 17 is incorrect and inaccurate.   The appropriate citation is to SOLAS Chapter V, Regulation 33.1, which provides:

> The master of a ship at sea which is in a position to be able to provide assistance on receiving information from any source that persons are in distress at sea, is bound to proceed with all speed to their assistance. . .

Plaintiffs' final proposition of proposed jury instruction no. 9 is unsupported argument and should be rejected.   Plaintiffs' statement that "[i]f the NORASIA ALYA unreasonably failed to provide assistance to the AVA CLAIRE, this is a violation of the Pennsylvania Rule. Therefore, NORASIA ALYA must prove that its failure could not have contributed to plaintiffs' injuries," is not a proper statement of the law.   The Pennsylvania rule relates to statutory violations intended to <u>prevent</u> collisions.   There is no authority to apply it to any other statutory violations.   Plaintiffs' statement is argument and should therefore be rejected.

## VII.   <u>Plaintiffs' Proposed Instruction 10</u>

Defendants object to Plaintiffs' first instruction of proposed jury instruction no. 10 which states: "Errors in judgment by one put 'in extremis' by fault of defendant are leniently judged." Plaintiffs' instruction is not supported by the cited case law.   This is evidenced by the fact that Plaintiffs' next instruction states: "Errors in judgment committed by a vessel put in sudden peril <u>through no fault of her own</u> are to be leniently judged."   The latter instruction is an accurate and

non-argumentative statement of the law.   As a result, Plaintiffs' former instruction should be rejected.

Defendants further object to Plaintiffs' final instruction: "If you find wrongful conduct of defendants created an "in extremis" condition, plaintiffs Stepski's conduct, i.e. to be judged in context." First, the use of the term 'wrongful' is argumentative, suggesting that Defendants' conduct was wrong.  Plaintiffs' proposed jury instruction does not make grammatical sense and would tend to confuse the jury, making it improper.  *Menting*, 166 F.3d at 927-28.  Defendants' respectfully request the following revision:

> The "in extremis" doctrine applies when a ship is placed in sudden peril through no fault of its own and is forced to take evasive maneuvers that may be a violation of a collision regulation.  *N.M. Paterson & Sons, Ltd. v. City of Chicago*, 324 F.2d 254, 259 (7th Cir. 1963).  The party relying on the in extremis doctrine must be completely free from fault prior to the emergency occurrence.  *Puerto Rico Ports Authority v. M/V Manhattan Prince*, 897 F.2d 1, 6 (1st Cir. 1990).  It does not excuse a vessel making a wrong maneuver in extremis where the danger was caused by the fault or negligence of those in charge of the vessel, or might have been avoided by earlier precautions which the vessel was required to take.  *City of Chicago v. M/V Morgan*, 375 F.3d 563, 577 (7th Cir. 2004).  Further, applicability of the doctrine does not prevent you from finding liability, it merely requires you to judge the reactions of a captain who is without fault more leniently because of the crisis situation.  *Grosse Ile Bridge Co. v. American Steamship Co.*, 302 F.3d 616, 625-26 (6th Cir. 2002).  Thus, if you find that Defendants engaged in any wrongful conduct that created an 'in extremis' condition, <u>without any fault by Plaintiff</u>, Plaintiff Stepski's conduct should be judged in that context.

This proposed instruction would eliminate any improper argument or confusion.

## VIII.   Plaintiffs' Proposed Instruction 11

Defendants object to Plaintiffs' proposed jury instruction no. 11.  A superseding cause is "an act of a third person or other force which by its intervention prevents the actor from being liable for harm to another which his antecedent negligence is a substantial factor in bringing about." *Higazy v. Templeton*, 505 F.3d 161, 175 (2d Cir. 2007).  The "superseding cause" doctrine, when properly stated has no application to the case given the facts and the clear rule requiring apportionment in collision cases. *United States v. Reliable Transfer Co.*, 421 U.S. 397 (1975). Accordingly, the Court is not required to give a proposed instruction to the jury where the instructions are "not relevant to the issues the jury would decide." *U.S. v. Marks*, 530 F.3d 799, 809 (9th Cir. 2008); *U.S. v. Foppe*, 993 F.2d 1444, 1452 (9th Cir. 1993)(party "not entitled to an irrelevant jury instruction"); *Cableguard Sys. Inc. v. Mid-Continent Cas. Co.*, 73 Fed.Appx. 28, 32 (5th Cir. 2003)(district court did not abuse its discretion in refusing to give proposed jury instruction "because the proposed instruction was not relevant to the factual dispute before the jury").

In any event Plaintiffs' requested charge 11 mischaracterizes the law and confuses "causation" with "superseding cause." Moreover, the authority cited by Plaintiffs does not support their proposed charge on either.  *See* THOMAS J. SCHOENBAUM, 2 ADMIRALTY AND MARITIME LAW, § 5-3, 192 (4th ed. 2004); *Exxon Co., U.S.A. v. Sofec, Inc.*, 517 U.S. 839 (1996).

The proper instruction on causation is:

> You are not to award damages for any injury or condition from which the plaintiff may have suffered, or may now be suffering, unless it has been established by a preponderance of the evidence in the case that such injury or condition was proximately caused by the accident in question.  An injury or condition is proximately caused by an act, or failure to act, whenever it appears from the evidence in the case, that the act or omission played a substantial part in bringing about or actually causing the injury or damage, and

7

that the injury or damage was either a direct result or a reasonably probably consequence of the act or omission.

SCHOENBAUM, 2 ADMIRALTY AND MARITIME LAW § 5-3, 189 (4th ed. 2004).

The proper instruction on superseding cause is as follows:

An intervening act is <u>only</u> a superseding cause if:

1.  The defendant's negligence in fact substantially contributed to the plaintiff's injury, but the injury was actually brought about by a later cause of independent origin that was not foreseeable, and

2.  The intervening force brings about a harm that is different in kind from that which would otherwise have resulted from the actor's negligence, and

3.  The intervening force is not a normal result of the original actor's negligence.

SCHOENBAUM, 2 ADMIRALTY AND MARITIME LAW, at § 5-3, at 192-193; *Exxon Co. U.S.A. v. Sofec*, 517 U.S. 839 (1996); *see also Hunley v. ACE Maritime Corp.*, 927 F.2d 493, 497 (9th Cir. 1991) ("An intervening negligent act will not supersede an actor's initial negligent conduct if the intervening act is a normal consequence of a situation created by the actor's conduct and the manner in which it is done is not extraordinarily negligent.").

## IX.   <u>Plaintiffs' Proposed Instruction 12</u>

Defendants object to Plaintiffs' proposed jury instruction no. 12 which states: "Injured party is entitled to recover reasonable compensation for whatever special and general damages he can prove." The case cited by plaintiffs does not support this proposition and is therefore improper. Defendants respectfully request that the Court adopt Defendants' Proposed Jury Instructions paragraphs 108-109, which set out an accurate recitation of the law on damages.

Furthermore, Defendants' request the addition of the following language after Plaintiffs' proposed instruction "If the injuries are permanent, he may recover his probably loss of future earnings":

> Damages resulting from the impairment of earning capacity and the probable loss of earnings must be measured on the basis of life expectancy at the time of injury.  The award must be based upon the probable pecuniary loss reduced to its present net worth.

This is an accurate representation of the law and is therefore proper.

## X.   Plaintiffs' Proposed Instruction 13

Defendants object to Plaintiffs' proposed jury instruction no. 13 to the extent it is not supported by the cited authority.  Plaintiffs state that in assessing damages for loss of life's pleasures, "you may consider the plaintiffs' proof on the destructive effect of their injuries on marital, parental, and family life."  Plaintiffs cite generally to Chapter 5 of THOMAS J. SCHOENBAUM, 2 ADMIRALTY AND MARITIME LAW.  The cited authority does not support this proposition and thus should be rejected as improper factual argument.

## XI.   Plaintiffs' Proposed Instruction 14

Defendants object to Plaintiffs' proposed jury instruction no. 14 in its entirety.  The only cases Plaintiffs cite for the recovery of damages for apprehension of approaching death are cases involving claims for wrongful death.  This is because such damages are only awarded in survival actions.  *See, e.g., Lin v. McDonnell Douglas Corp.*, 574 F. Supp. 1407, 1417 (S.D.N.Y. 1983)(in order for a plaintiff to recover for apprehension of impending death, it must be shown that the *decedent* was "aware of the danger and suffered from pre-impact terror").  Plaintiffs proposed jury instruction seeks an award for damages which are inapplicable in the instant action.  As a result, Plaintiffs' instruction is an inaccurate recitation of the law which should be rejected.

601230.00001/6839458v.1

**XII.**   **Plaintiffs' Proposed Instruction 15**

Defendants object to Plaintiffs' proposed jury instruction no. 15 wherein plaintiff states that Defendants are liable for all of Plaintiffs' injuries if the jury cannot separate the pain or disability caused by the pre-existing condition from that caused by the occurrence.  The only cases cited by Plaintiffs for this proposition are cases which deal with damages that occurred as a result of violations of the Federal Employer's Liability Act ('FELA').  The court's decision to hold defendant liable for all of plaintiff's injuries where the injuries could not be separated was based on the language and remedial purpose of the FELA.  *See Stevens v. Bangor & Aroostook RR Co.*, 97 F.3d 594 (1st Cir. 1996).  Therefore, this rationale does not apply to the instant action.  The applicable law on the subject states:

> Where the victim would have experienced disability as a result of the pre-existing condition even if the second injury had not occurred, he can recover only damages caused by the aggravating event and not the pre-existing injury.

SCHOENBAUM, 2 ADMIRALTY AND MARITIME LAW at § 5-15, 239 (citing *Evans v. United Arab Shipping Co.*, 767 F. Supp. 1284 (D.N.J. 1991)).  This is an accurate recitation of the law which is espoused in Defendants' proposed jury instruction no. 111.  As a result, Defendant requests the Court's adoption of its proposed instruction.

**XIII.**   **Plaintiffs' Proposed Instruction 16**

Defendants object to Plaintiffs' proposed jury instruction no. 16 to the extent it is argumentative in that it assumes the jury will award future damages and damages for pain and suffering.  Defendants respectfully request that the instruction be amended as follows (in italics):

> *If the jury determines that future damages and damages for pain and suffering should be awarded*, you can consult the life expectancy tables in evidence.  Everyone has their own life

10

expectancy and tables based on statistical analysis by a reputable organization may be consulted as a guide.

## XIV.   Plaintiffs' Proposed Instruction 17

Plaintiffs' assertion that future awards for pain and suffering are not subject to the same "discount to present value" as with loss of future earnings is an inaccurate characterization of the law.  The case Plaintiffs' cite, *Oliveri v. Delta SS Lines*, 849 F.2d 742 (2nd Cir. 1988), does not stand for this proposition.  *Oliveri* states that whether such an award should be discounted is unclear.  *Id.* at 749.  Furthermore, the court concluded that "the appropriate course is to accept the concept of discounting awards for non-pecuniary losses (i.e. future pain and suffering), but to forgo the precision appropriate for discounting future earnings."  *Id.* at 751.  The court further noted that:

> The time value of such an award is sufficiently recognized by permitting defendant's counsel to argue that awards for future non-pecuniary losses are being received now, rather than in the future, and may be somewhat reduced to reflect the opportunity to invest such awards, and to permit the plaintiff's counsel to point out that any such reduction may be tempered by the likelihood that inflation will reduce the purchasing power of any sum awarded. If requested to do so, the trial judge can bring these general considerations to the jury's attention but should make it clear that the precise method appropriate for discounting awards for pecuniary losses need not be followed.

*Id.*  Therefore, plaintiffs' assertion is inaccurate and should be stricken.  As an alternative, Defendants request that the Court instruct the jury as follows:

> It is important to keep in mind that future awards for pain and suffering are being received now and may therefore be reduced to reflect the enhanced present value.  In determining future awards for pain and suffering, it is not necessary to follow the precise methods appropriate for discounting awards for loss of future earnings, although the time value of money should be taken into consideration.

## XV.    Plaintiffs' Proposed Instruction 19

Defendants object to Plaintiffs proposed jury instruction no. 19 in its entirety.  This instruction is improper because the Court has already decided the merits of this claim – i.e. that there was no radio log in existence and therefore no adverse inference could be drawn as to Defendants' failure to produce it.  In denying Plaintiffs' Motion for Reconsideration, the Court noted that Plaintiffs' argument which stated that 'the absence of the log book is positive evidence of consciousness of guilt' failed because the Court accepted Defendants' argument that the log book did not contain communications between Captain Kowalewski and the Defendants.  [Doc. 79, at 4-5.]  Since the log book did not contain the evidence, the Court found that a failure to provide it had no bearing on Defendants' guilt.  The Court also noted that Plaintiffs' adverse inference argument went beyond the scope of the presumption the Second Circuit described in *Otal*, the case relied on by Plaintiffs.  *Id.*  Because the Court has already rejected this argument, Plaintiffs' proposed jury instruction on this issue is improper and should be rejected.

## XVI.    Plaintiffs' Proposed Instruction 21

Defendants object to Plaintiffs' proposed jury instruction no. 21 as incomplete and misleading.  SOLAS Chapter V Regulation 19.2.1.7 states the carriage requirements for radar reflectors: "if less than 150 gross tonnage and if practicable, a radar reflector or other means, to enable detection by ships navigating by radar at both 9 and 3 GHz."  The United States Coast Guard regulations for fishing vessels, which specifically governed the equipment required on AVA CLAIRE, however, limits the flexibility found in the SOLAS regulation and does not provide an exemption if installing a radar reflector is not practicable.  The applicable regulation provides, "Except for a vessel rigged with gear that provides a radar signature from a distance of 6 miles, each nonmetallic hull vessel must have a radar reflector." 46 CFR §28.235 (emphasis

added).  Accordingly, Plaintiffs' suggestion that '[t]he use of qualifying language such as 'so far as practicable' demonstrates the relative flexibility of the regulation," is incorrect.  Moreover, the cited regulation does not use the phrase "so far as practicable," thereby rendering this proposition irrelevant.  Also, the *Otal* case, cited by Plaintiffs, does not refer to the SOLAS Regulation at issue; rather *Otal* explains the meaning of "so far as practicable" as used in the COLREGS.  Thus, Plaintiffs' proposed instruction is   improper argument and should be rejected.   Instead, Defendants request the Court adopt their proposed instruction paragraph 92.

Dated:        New York, New York
              March 21, 2010

                                             Respectfully submitted,
                                             BLANK ROME LLP

                                             /s/Richard V. Singleton_____
                                             Richard V. Singleton, II
                                             Attorneys for Defendants
                                             405 Lexington Avenue
                                             New York, New York 10174-0208
                                             Telephone:  (212) 885-5259
                                             Facsimile:  (917) 332-3730
                                             E-Mail: rsingleton@blankrome.com

                                             &

                                             FREEHILL HOGAN & MAHAR LLP
                                             Attorneys for Defendants
                                             80 Pine Street
                                             New York, New York 10005
                                             Telephone: 212-425-1900
                                             Facsimile: 212-425-1901
                                             E-Mail: munger@freehill.com