UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MICHAEL STEPSKI, *et al.*,<br><br>Plaintiffs,<br><br>vs.<br><br>THE M/V NORASIA ALYA, *et al.*,<br><br>Defendants. | CASE NO. 7:06-cv-01694<br><br>OPINION & ORDER<br>[Resolving Doc. No. 100.] |

JAMES S. GWIN,[1/] UNITED STATES DISTRICT JUDGE:

Plaintiffs Michael Stepski, Kirsten Stepski, Geal Roderick, and Benjamin Schober move the Court, pursuant to Federal Rules of Civil Procedure 49 and 50, to set aside the jury verdict and order a new trial in this case arising out of a boat collision. [Doc. 100.] The Defendants oppose the Plaintiffs' motion. [Doc. 102.] The Plaintiffs have not replied.

For the following reasons, the Court **DENIES** the Plaintiffs' motion to set aside the verdict and for a new trial.

**I. Background**

On March 3, 2006, Plaintiffs Michael Stepski, Kirsten Stepski, Geal Roderick, and Benjamin Schober sued the Defendants, the M/V Norasia Alya and its owner and manager, for injuries the Plaintiffs sustained when a ship collided with their fishing vessel. [Doc. 1.] Following a four-day trial, a jury reached a verdict in favor of the Defendants on March 25, 2010. [*See* Doc. 101.] On

---

[1/] The Honorable James S. Gwin of the United States District Court for the Northern District of Ohio, sitting by designation.

March 30, 2010, consistent with the jury verdict, the Court entered a judgment in favor of the Defendants. [Doc. 99.]

The Plaintiffs now move the Court to set aside the verdict and to order a new trial under Federal Rules of Civil Procedure 49 and 50. [Doc. 100.] In support of their motion, the Plaintiffs argue that the verdict is against the weight of the evidence and that the Court erred by submitting to the jury a special verdict form different from that the Plaintiffs requested. [*Id.*] The Defendants oppose the Plaintiffs' motion, arguing that the Plaintiffs' motion is procedurally infirm, as they cannot seek relief under either Federal Rule of Civil Procedure 49 or 50. [Doc. 102.] Moreover, the Defendants argue that even if the Court were to consider the Plaintiffs' motion as properly filed pursuant to Federal Rule of Civil Procedure 59, the Court should deny the Plaintiffs' motion because they have presented no grounds for a new trial under Rule 59. [*Id.*]

The Plaintiffs have not replied. However, the Plaintiffs filed a Notice of Appeal to the Second Circuit on April 20, 2010. [Doc. 103.] The Court received notice of the appeal on May 4, 2010. [*See* Doc. 103.] This Court nonetheless has jurisdiction to decide the present motion pursuant to Federal Rule of Appellate Procedure 4(a)(4)(b). *See* 11 Charles Alan Wright, Arthur R. Miller, and Mary Kay Kane, Federal Practice and Procedure § 2821 (2d ed.); *New Windsor Volunteer Ambulance Corps., Inc. v. Meyers*, 442 F.3d 101, 120 (2d Cir. 2006).

**II. Discussion**

The Plaintiffs move to set aside the verdict and for a new trial pursuant to Federal Rules of Civil Procedure 49 and 50. Rule 49 governs special verdicts and general verdicts with questions. Rule 49(a), concerning special verdicts, does not provide for a new trial. Fed. R. Civ. P. 49(a). Rule 49(b), which addresses general verdicts with questions, provides:

> (2) When the general verdict and the answers are consistent, the court must approve, for entry under Rule 58, an appropriate judgment on the verdict and answers.
>
> (3) When the answers are consistent with each other but one or more is inconsistent with the general verdict, the court may . . . order a new trial.
>
> (4) When the answers are inconsistent with each other and one or more is also inconsistent with the general verdict . . . the court must direct the jury to further consider its answers and verdict, or must order a new trial.

Fed. R. Civ. P. 49(b)(2)-(4). In this case, the jury answered only one question on the special verdict form. In response to the question, "Do you find by a preponderance of the evidence that the defendant was negligent in the manner claimed by plaintiffs and that such negligence was a cause of the damage to plaintiffs?," the jury answered "no." Accordingly, as the jury answered only one question, the answers cannot be inconsistent with each other. Moreover, the jury's verdict is not inconsistent with the judgment the Court entered in favor of the Defendants. Therefore, the Plaintiffs are not entitled to relief under Rule 49.

Rule 50 provides: "If the court does not grant a motion for judgment as a matter of law made under Rule 50(a) . . . the movant may file a renewed motion for judgment as a matter of law and may include an alternative or joint request for a new trial under Rule 59." Fed. R. Civ. P. 50(b). The Plaintiffs in this case did not move the Court for judgment as a matter of law before the Court submitted the case to the jury. *See* Fed. R. Civ. P. 50(a). Accordingly, the Plaintiffs cannot "renew" their motion pursuant to Fed. R. Civ. P. 50(b), and are not entitled to relief under this rule.

Although the Plaintiffs do not move pursuant to Federal Rule of Civil Procedure 59, their motion could be construed as a motion for a new trial under this Rule. The Plaintiffs argue that they are entitled to a new trial because the jury's verdict is against the weight of the evidence. "A trial court ordinarily should not grant a new trial unless it is convinced that the jury has reached a seriously erroneous result or that its verdict is a miscarriage of justice." *Purnell v. Lord*, 952 F. 2d

679, 686 (2d Cir. 1992); *see also AMW v. Materials Testing, Inc. v. Town of Babylon*, 584 F.3d 436, 456 (2d Cir. 2009)("A district court may grant a new trial pursuant to Rule 59 even where there is evidence to support the jury's verdict, so long as the court determines that, in its independent judgment, the jury has reached a seriously erroneous result or its verdict is a miscarriage of justice.")(internal citations omitted).

In this case, the Court concludes that the jury's verdict was not "clearly erroneous" in light of the evidence presented at trial. The Defendants presented evidence, in the form of expert testimony, that data recorded by the Norasia Alya's navigational equipment suggested that the Norasia Alya did not pass within a close distance of the Plaintiffs' boat. The Captain of the Defendants' ship further testified that he did not observe the Plaintiffs' boat on the ships' radar, and that he and his crew did not hear a collision. While the Plaintiffs presented evidence to the contrary, including testimony of their own expert, it is the job of the jury to make credibility determinations and weigh the evidence presented by expert testimony. *DLC Management Corp. v. Town of Hyde Park*, 163 F.3d 124, 134 (2d Cir. 1998)(citing *Dunlap-McCullar v. Riese Org.*, 980 F.2d 153, 158 (2d Cir. 1992)("[T]he jury is empowered and capable of evaluating a witness's credibility, and this evaluation should rarely be disturbed."). In this case, the jury could have reasonably accepted the testimony of the Defendants' witnesses and concluded that the Defendants' ship was not the boat that struck the Plaintiffs' fishing vessel. The Court finds that the jury's verdict for the Defendants was not against the weight of the evidence and that the Plaintiffs are not entitled to a new trial on this ground.

The Plaintiffs also argue that they are entitled to a new trial because the Court erred in not including their proposed questions to the jury on the special verdict form. The Plaintiffs argue that the Court's special verdict form was "inconsistent with the charge." [Doc. 100-1 at 2.] As an initial

matter, the Plaintiffs did not object to the special verdict form the Court used prior to its submission to the jury. The parties resolved all concerns regarding the verdict form with the Court before the jury began its deliberations. Accordingly, the Plaintiffs have waived any argument that the Court erred in submitting the special verdict form to the jury.

Even if the Court considers the Plaintiffs' challenge to the verdict form on the merits, their claim fails. A district court has broad discretion under Rule 49 to formulate special interrogatories for submission to the jury. *Romano v. Howarth*, 998 F.2d 101, 104 (2d Cir. 1993). Rule 49 directs the court to "give the instructions and explanations necessary to enable the jury to make its findings on each submitted issue." Fed. R. Civ. P. 49(a)(2). "Accordingly, special interrogatories must be read in conjunction with the district court's charge." *Romano*, 998 F.2d at 104. In this case, the Court gave specific instructions regarding the governing legal rules, the burden of proof, the controlling negligence standards, and causation. Reading the jury instructions and the verdict form together, the Court finds that the charge is not inconsistent with the verdict form submitted and that the instructions and the verdict form together adequately framed the issues the jury needed to resolve. Accordingly, the Plaintiffs are not entitled to a new trial under Federal Rule of Civil Procedure 59 on this ground.

**III. Conclusion**

For the foregoing reasons, the Court **DENIES** the Plaintiffs' motion to set aside the verdict and for a new trial.

IT IS SO ORDERED.

Dated: May 7, 2010

JAMES S. GWIN
UNITED STATES DISTRICT JUDGE